IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONALD ANSON,  )
  )
            Plaintiff,  )
  )
vs.  ) Civil Action No. 3:19-cv-13
  ) Judge Stephanie L. Haines
UNITED STATES OF AMERICA., *et al.*,  )
  )
            Defendants.  )

**MEMORANDUM ORDER**

This matter was referred to Magistrate Judge Lisa P. Lenihan for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

Plaintiff Donald Anson ("Plaintiff") commenced this *pro se* civil rights action on January 23, 2019, by filing a motion for leave to proceed in forma pauperis (ECF No. 1). That motion was granted (ECF No. 2) and Plaintiff's complaint was filed on January 24, 2019 (ECF No. 3). Plaintiff is a former federal inmate who was incarcerated at Federal Correctional Institution Loretto ("FCI Loretto"). Plaintiff alleges that while he was incarcerated at FCI Loretto, he tore his tendon in his left arm and received inadequate treatment of this injury. Specifically, Plaintiff alleges that he tore his tendon on October 19, 2016, but did not see an orthopedic specialist until more than a month after his injury, and that when he did finally have surgery on January 17, 2017, the surgeon told Plaintiff that because of the passage of time, the tendon had degenerated and he was unable to reattach it. Plaintiff alleges that he is now scarred, deformed, experiences pain and has greatly reduced strength (ECF No. 3).

Plaintiff initially named as Defendants the Warden of FCI Loretto, members of its medical staff who examined him, members of the administrative staff, the Federal Bureau of Prisons and the United States (ECF No. 3). Defendants filed a motion to dismiss (ECF No. 16), and in

1

Magistrate Judge Lenihan's Report and Recommendation (ECF No. 27), which was adopted by this Court (ECF No. 29), Plaintiff was granted leave to amend his *Bivens*[1] claims against the individual Defendants, but Plaintiff's Federal Tort Claims Act ("FTCA") claims against all individual Defendants were dismissed with prejudice. Plaintiff did not amend his complaint, and accordingly, the remaining Defendants in this matter are the United States and the Federal Bureau of Prisons.

On January 15, 2021, Defendant United States filed a motion for summary judgment (ECF No. 62), brief in support of motion for summary judgment (ECF No. 63), and concise statement of material facts (ECF No. 64). On February 24, 2021, Plaintiff filed a response in opposition to the motion for summary judgement (ECF No. 67), brief and memorandum of law in opposition to the motion for summary judgment (ECF No. 68), response to the concise statement of material facts (ECF No. 70) and a counterstatement of facts (ECF No. 72). Defendant filed a reply brief (ECF No. 79) and response to Plaintiff's statement of facts (ECF No. 80). On July 7, 2021, Magistrate Judge Lenihan issued a Report and Recommendation (ECF No. 82) recommending that the motion for summary judgment (ECF No. 62) be denied as Plaintiff's claims are not barred under the FTCA. The parties were advised that they had fourteen days to file objections to the Report and Recommendation. To date, no objections have been filed and the time to do so has passed.

After review of the Report and Recommendation (ECF No. 82) and the other documents

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). "'*Bivens* established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right.'" *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006) (quoting *Carlson v. Green*, 446 U.S. 14, 18 (1980)). A *Bivens* action is the federal equivalent of a suit brought against state officials under Section 1983. *Id.* (citing *Wilson v. Layne*, 526 U.S. 603, 609 (1999)) (other citation omitted); see also *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 800 (3d Cir. 2001).

filed in this case under the applicable "reasoned consideration" standard, *see EEOC V. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of the Magistrate Judge in this matter. Magistrate Judge Lenihan correctly determined that the motion for summary judgment based on Plaintiff's alleged failure to comply with the FTCA's six-month filing requirement should be denied. Accordingly, the following order is entered:

## ORDER

AND NOW, this 12th day of August, 2021, IT IS HEREBY ORDERED that the motion for summary judgement (ECF No. 62) is DENIED. IT IS FURTHER ORDERED that the Report and Recommendation (ECF No. 82) is ADOPTED as the opinion of the Court.

*[signature]*
Stephanie L. Haines
United States District Judge